**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv597**

| | |
|---|---|
| JAMES R. ROBINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> GLOBE LIFE AND ACCIDENT ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM <br> OF DECISION** |

**THIS MATTER** is before the court on defendant's Motion to Dismiss (#3). Plaintiff is proceeding *pro se* and the court conducted a hearing on March 26, 2011, at which plaintiff appeared and presented arguments. Having carefully considered all the pleadings and conducted a hearing, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.   Applicable Standard**

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly

conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a

plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

## II. Discussion

In considering the Motion to Dismiss, the court has read and construed the Complaint and plaintiff's other pleadings in a light most favorable to him. In this action, plaintiff seeks to recover on a life insurance policy issued to his brother, who resided in South Carolina prior to his death on or about January 10, 2004. In response to a claim made on such policy of insurance, defendant sent plaintiff a letter in March 2004 denying the claim and explaining that the policy had lapsed for non-payment before his brother's death. Plaintiff admits he

received the letter denying his claim and containing such explanation, but takes issue with the insurance company's failure to provide him with proof that the policy had lapsed, such as a copy of a returned check. Plaintiff brought with him to the hearing a letter another insurance company sent him, which included a copy of a returned check. While such was not placed in evidence, the court noted such documents.

Plaintiff filed this action November 19, 2010, and defendant thereafter moved to dismiss this action under Rule 12(b)(6), Federal Rules of Civil Procedure, based on problems in the Complaint. Review of the Complaint reveals that plaintiff utilized a form typically used by *pro se* litigants in asserting civil rights action. Of particular concern was that plaintiff did not name his decedent, which made it difficult for defendant to determine who plaintiff was contending was insured. In the responses and pleadings that followed, defendant was able to determine both the name of the formerly insured person, his date of death, and the claim history. After such determination was made, defendant included arguments in its Reply asserting that this action was time barred. Quite properly, defendant has submitted a copy of the policy.

The court will not dismiss the claim based on the problems in the *pro se* Complaint, as it appears that defendant now has sufficient notice of plaintiff's cause of action. However, the action is time barred. Review of the pleadings and the policy reveals that the filing of this action more than six-and-one-half years after the death of plaintiff's brother is untimely. First, under both North Carolina law and South Carolina law, the statute of limitations for filing an action on a life insurance policy is three years from the death of the insured. S.C. Code Ann. § 15-3-530; N.C. Gen. Stat. § 1-52. With the plaintiff's decedent's death on or about January 10, 2004, plaintiff's November 2010 filing is outside either such period of limitations. Second, the policy itself contains a provision requiring that a claim be made

within six months of the loss (plaintiff's brother's death) and then bringing a civil action within six years. While plaintiff clearly made a timely claim, construing the language of the policy in a light most favorable to plaintiff, the deadline for filing a civil action was, at the outer limit, on or about July 10, 2010. This action was filed November 19, 2010, making the action untimely under the contractual period of limitations.[1] The court will dismiss this action as time barred.

Finally, plaintiff argued at the hearing that he should not be compelled to pay defendant's costs or fees in defending this action. Upon inquiry by the court, defendant stated that it would not be seeking any costs or fees in this matter, which this court finds to be very reasonable.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#3) is **ALLOWED**, and this action is **DISMISSED** with prejudice as time barred.

**Advice of Appellate Rights**

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal

---

[1] While the court has accepted plaintiff's argument that the insurance company was uncooperative in that it never sent him copies of any returned or bounced checks his brother may have written, no argument or showing has been made that plaintiff was lured or misled by defendant into filing this action out of time. Review of the pleadings presented reveals that no exception exists that would toll either the statutory or contractual period of limitations.

Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: June 1, 2011

Max O. Cogburn Jr.
United States District Judge